UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA FLORES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2687-X |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY and DAN | § | |
| VON DECK, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants Hartford Life and Accident Insurance Co. (Hartford) and Dan Von Deck's motion to dismiss some of plaintiff Julia Flores's claims and strike her request for a jury trial in this ERISA case. (Doc. 19). After reviewing the briefing, the Court **GRANTS** the motion, dismisses the duplicative claim under section 1132(a)(3) but allows Flores to replead a potential class injunction claim, dismisses all claims against Von Deck, and strikes the jury demand.

## I.  Background

Flores is the named beneficiary in a Hartford Life policy covering Ivan Gonzalez Hernandez.  Gonzalez Hernandez died in a car accident, and Flores submitted a claim on the policy.  Hartford denied the claim, allegedly stating that Gonzalez Hernandez was in the United States illegally.

Flores sued Hartford and Von Deck initially for state law claims in state court. The defendants removed to federal court and moved to dismiss the state law claims

1

and strike the jury demand pursuant to the Employee Retirement Income Security Act—which everyone knows as ERISA.  In response, Flores filed an amended complaint that dropped the state claims, added ERISA claims for wrongful denial of benefits and unfair or deceptive settlement practices, but kept the jury demand. Flores's factual argument is that the defendants denied her claim for dependent life insurance and accidental death and dismemberment (AD&D) benefits because of her race or ethnicity, that Hartford "misrepresented the terms of the Plan in order to deny dependent life insurance benefits to Plaintiff," and that Von Deck "failed to communicate honestly with Plaintiff or accept that [the insured] was not here illegally."[1]  The defendants then filed this motion to dismiss one of the ERISA claims (the one under 29 U.S.C. § 1132(a)(3)) as duplicative, dismiss Von Deck as an improper party, and strike the jury demand.

## II.    Legal Standard

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[2]  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]  When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  A court may consider

---

[1] Doc. 18 at 3–4.

[2] Fed. R. Civ. P. 12(b)(6).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

documents attached to a motion to dismiss where the documents (such as the Policy) are referred to in the pleadings and are central to the plaintiff's claims.[5]

And a court may designate an action as a non-jury action where it "finds that on some or all of those issues there is no federal right to a jury trial."[6]

### III.   Analysis

The Court first considers whether there is a duplicative claim, then whether it should dismiss Von Deck, and then whether it should strike the jury demand.

### A.   Duplicative Claim

Alternative pleading of a catch-all claim is not allowed in ERISA cases. True, alternative pleading is allowed in most civil cases. But ERISA is different. Section 1132(a)(3) is a catch-all provision. Under ERISA, the Fifth Circuit has held that "relief under § 1132(a)(3) generally is unavailable when a plaintiff may seek monetary relief under § 1132(a)(1)(B)."[7]

Defendants argue Flores's amended complaint sets out facts to support a straightforward claim for benefits under section 1132(a)(1)(B), alleging that "Hartford denied her claim for benefits despite knowing that the insured was a legal resident and that Hartford 'intentionally misrepresented the terms of the Plan in order to deny dependent life insurance benefits to Plaintiff.'"[8]  And defendants contend that because both of Flores's claims seek benefits, the catch-all claim under

---

[5] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

[6] Fed. R. Civ. P. 39(a)(2).

[7] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018).

[8] Doc. 20 at 4 (quoting Flores's amended complaint).

section 1132(a)(3) is duplicative. Flores responds that the section 1132(a)(1)(B) claim seeks benefits and the section 1132(a)(3) claim seeks to enjoin Hartford's racist practices. Or as Flores puts it, "[t]his case is about more than just policy benefits, Plaintiff seeks a judgment enjoining Defendants' systematic discriminatory practices which currently require Mexican-Americans to initiate suits to recover amounts due under Defendants' policies."[9]

The Court agrees with the defendants. The Court understands full well Flores's argument that the section 1132(a)(3) seeks to enjoin the defendants' racist practices, separate and apart from seeking benefits under section 1132(a)(1)(B). Flores has specific, plausible allegations that the defendants were racist as to her claim, alleging that Gonzalez Hernandez was a legal resident by virtue of an I-130 immigration application, that Flores communicated this to Von Deck, but that the defendants denied the claim anyway. But if Flores's claim for benefits prevails, there is no further policy benefit Flores could seek and thus no more work for an injunction to do as to her. So her request for an injunction as to her policy is duplicative of her claim for benefits and must be dismissed.

Flores does plead more broadly that the defendants' racism is not limited to her (and a broader injunction might be needed). But Flores's only factual allegation on this front that goes beyond her own case is that "Hartford systematically compels Mexican-Americans to initiate suits to recover amounts due under its Plan by relying on inaccurate, unreliable, and discriminatory information designed to generate

---

[9] Doc. 23 at 4–5.

denials based on a claimants race or ethnicity."[10]  This statement is conclusory.  But federal complaints have to have factual allegations that make those conclusions plausible.  Because it is within the realm of possibility Flores could replead and add specificity, the Court will allow her 28 days to replead her section 1132(a)(3) to make plausible allegations as to the defendants' treatment of others.  But Flores must bear in mind that such a request takes the form of a class action, and the intersection of ERISA cases and class actions is fraught with peril.[11]

## B.    Von Deck

Next, the defendants contend the amended complaint fails to make plausible allegations against Von Deck.  The defendants contend Von Deck is a claims analyst and therefore not a party to the contract or a proper party to an ERISA claim.  Flores's only defense of suing Von Deck (in responding to the motion to dismiss) is that he too was racist when Flores told him that Gonzalez Hernandez was lawfully present.

The Court agrees with the defendants.  The amended complaint does not inform the Court of who Von Deck is.  A proper ERISA defendant to a claim seeking benefits is "the party that controls administration of the plan."[12]  But Flores does not allege who Von Deck is or how he is the party that controls the plan.  Accordingly, the Court grants the motion as to the claims against Von Deck and requires Flores's repleading to cure this additional defect or drop him as a party.

---

[10] Doc. 18 at 6.

[11] *See Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) (discussing at great length the application of Rule 23(a) and issues with rule 23(b) in ERISA cases).

[12] *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013).

## C.     Jury Demand

Finally, the defendants argue there is no right to a jury trial in an ERISA claim for benefits.  Flores argues that back pay is compensatory and triggers her right to a jury trial.

The Court agrees with the defendants that this case should not involve a jury. Sure, claims for benefits like Flores's could involve an order compelling payment, and money seems to fit in the Seventh Amendment.  But the Fifth Circuit has consistently held that such orders are equitable and do not trigger a right to a jury.[13]

Neither is Flores's argument on back pay triggering a jury trial persuasive. That case[14] seems quite at odds with the Supreme Court and Fifth Circuit.  And in any event, Flores seeks policy benefits, not back pay.  For these reasons, the Court strike's Flores's jury demand.

## IV.     Conclusion

For the above reasons, the Court **GRANTS** the motion to dismiss.  The Court dismisses without prejudice Flores's section 1132(a)(3) claim and grants her 28 days to replead to make plausible allegations as to the defendants' treatment of others. The Court dismisses without prejudice Flores's claims against Von Deck and grants her 28 days to replead plausible allegations for why he is a proper ERISA defendant. And the Court strikes Flores's jury demand.

---

[13] *See Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634, 640 (5th Cir. 2004) ("As there is no right to a jury trial in such equitable actions, the district court did not err in denying one.").

[14] *Blue Cross & Blue Shield v. Lewis*, 753 F. Supp. 345, 348 (N.D. Ala. 1990).

**IT IS SO ORDERED** this 30th day of January, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE